[Civ. No. 39176. First Dist., Div. Two. June 3, 1976.]

PATRICK RONALD LEE, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James A. Michael for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Clifford K. Thompson, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**THE COURT.**—Petitioner made application for writ of prohibition/mandate with due notice to real party in interest, and real party in interest has filed opposition. We have determined that an alternative writ or order to show cause would add nothing to the full presentation already made, and that, in light of the circumstances, a peremptory writ is proper (Code Civ. Proc., § 1088; 5 Witkin, Cal. Procedure (2d ed.), Extraordinary Writs, p. 3919; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Petitioner stands charged by indictment with two murders and a prior conviction for a third murder, allegations which invoke the mandatory death penalty pursuant to Penal Code, section 190.2, subdivision (b)(4), in the event of his conviction. In this proceeding, he seeks to prohibit the conditional examination of a witness ordered by respondent court upon averments by the People that the testimony of this witness was "absolutely necessary at the trial," and that the witness suffers from a deteriorating heart condition which may prevent his appearance at the trial set for August 9, 1976. Petitioner contends that section 1335 of the Penal Code precludes such a conditional examination. We agree.

Article I, section 15, of the California Constitution provides that "The defendant in a criminal cause has the right . . . to be confronted with the witnesses against the defendant. The Legislature may provide for the deposition of a witness in the presence of the defendant and the defendant's counsel. . . ." The Legislature has provided in Penal Code, section 1335, that "When a defendant has been charged with a public offense triable in any court, he in all cases, and the people in cases *other*

*than those for which the punishment may be death,* may, if the defendant has been fully informed of his right to counsel as provided by law, have witnesses examined conditionally in his or their behalf, as prescribed in this chapter." (Italics added.)

The Attorney General, conceding that the evident purpose of section 1335 is to preserve to the fullest extent in a capital case a defendant's right to confront witnesses and that no defendant should be put to death upon the testimony of a witness whose demeanor was not observed by the trier of fact, argues that the statute prohibits only the *use* and not the *taking* of the witness' testimony. We cannot agree.

In support of their argument the People offer a hypothetical case in which a seriously injured robbery victim is conditionally examined and later dies, whereupon the charge is amended to murder with allegations of special circumstances for which the punishment may be death. The People concede that the victim's deposition would not be admissible even though taken before the prosecution became a capital case, and from that concession argue that it is the "use" rather than the "taking" of the deposition which is crucial. This argument begs the question, however, since under the hypothetical fact situation the People had a statutory right to the conditional examination *at the time it was taken.*

In the case at bench we are confronted by allegations which, if proven, will invoke the death penalty. It is apparent from the clear language of section 1335 itself that the Legislature made a conscious and deliberate decision to grant a defendant the right to the conditional examination of witnesses "in all cases," while limiting the People's right to noncapital cases (cf. *People* v. *Lint* (1960) 182 Cal.App.2d 402, 421 [6 Cal.Rptr. 95]).

Let a peremptory writ issue directing respondent superior court to set aside its order of May 20, 1976, granting the motion of real party for an order for the conditional examination of Dr. William Gordon.

A petition for a rehearing was denied June 10, 1976, and the petition of the real party in interest for a hearing by the Supreme Court was denied July 28, 1976.