[No. D019546. Fourth Dist., Div. One. Nov. 2, 1993.]

KERRY LYN DALTON et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Loren I. Mandel, Alternate Public Defender, Jacqueline C. Crowle and Raymond J. Thielen II, Deputy Alternate Public Defenders, Alex Landon and Gary Bloch for Petitioners.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Julie A. Whitaker, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**FROEHLICH, J.**—In this proceeding in mandate we must decide whether the apparently conflicting subdivisions of Penal Code[1] section 1335 allow or prohibit the People to examine witnesses conditionally in death penalty cases. Based on the century-old prohibition on such examinations and the absence in legislative history of reason to depart from the prohibition, we conclude the People may not conduct conditional examinations in cases where the punishment may be death.

### PROCEDURAL BACKGROUND

Kerry Lyn Dalton and Sheryl Baker (petitioners) are charged with murder. (§ 187, subd. (a).) The People seek the death penalty, alleging petitioners intentionally killed the victim while lying in wait (§ 190.2, subd. (a)(15)) and the killing involved the infliction of torture (§ 190.2, subd. (a)(18)). The

---

[1] All statutory references are to the Penal Code unless otherwise specified.

People applied for an order to examine conditionally[2] witness Patricia Collins (Collins) under section 1335 et seq. on the grounds Collins is terminally ill[3] and that she had received a threatening note. Collins purportedly has knowledge about the victim's disappearance and murder. The court found Collins's life was in jeopardy due to illness and ordered she be examined conditionally.

Petitioners seek a writ of mandate,[4] arguing the plain language of section 1335, subdivision (a), prohibits conditional examinations in capital cases. The People contend section 1335, subdivisions (b) and (c) permit the examinations in "serious felony" cases, including capital cases as defined in section 1192.7.

### HISTORICAL BACKGROUND

The Legislature has long provided for the conditional examination of witnesses by a defendant. Section 1335 et seq., enacted in 1872, provided: "When a defendant has been held to answer a charge for a public offense, he may, either before or after an indictment, have witnesses examined conditionally, on his behalf, as prescribed in this Chapter, and not otherwise." (§ 1335.) The grounds for examination were limited to "[w]hen a material witness for the defendant is about to leave the State, or is so sick or infirm as to afford reasonable grounds for apprehending that he will be unable to attend the trial . . . ." (§ 1336.) The defendant applied for the examination upon affidavit to the court, substantiating one of the two grounds. (§ 1337.)

Five years later the California Constitution of 1879 granted the Legislature "power to provide for the taking, in the presence of the party accused and his counsel, of depositions of witnesses in criminal cases, other than cases of homicide, when there is reason to believe that the witness, from inability or other causes, will not attend at the trial." (Cal. Const., art. I, former § 13.)

The Legislature amended section 1335 several times over the next century, broadening the use of conditional examinations. Examinations were

---

[2]A conditional examination is essentially the taking of a deposition. The defendant has the right to be present with counsel (§ 1340), the transcript is sealed and transmitted to the court (§ 1344), and may be read in evidence by either party at trial if the witness is unavailable within the meaning of section 240 of the Evidence Code (§ 1345). The same objections may be made as if the witness had been examined orally in court. (§ 1345.)

[3]Collins has active hepatitis and cirrhosis. According to her physician, she is unlikely to live without a liver transplant.

[4]Initially we denied the petition as premature. Our Supreme Court granted review and transferred the matter on September 13, 1993 (S034764). We have issued an order to show cause, calendared argument and stayed the conditional examination.

extended to the periods before and after an information in 1880. (Amends. to Codes (1880) Pen. Code, ch. 47, § 98, p. 27.) Significantly, the Legislature exercised its grant of power under the California Constitution and gave the prosecution the right to examine witnesses conditionally "in all cases . . . other than homicide" in 1905. (Stats. 1905, ch. 540, § 1, p. 702.) Section 1336 was also harmonized to reflect the prosecution's ability to examine conditionally, as follows: "When a material witness for the defendant, or for the people, is about to leave the state, or is so sick or infirm as to afford reasonable grounds for apprehension that he will be unable to attend the trial, the defendant or the people may apply for an order that the witness be examined conditionally." (Stats. 1905, ch. 540, § 2, p. 702.)

The Legislature further expanded the prosecution's use in 1951 to all cases other than "those for which the punishment may be death," so long as the defendant was informed of the right to counsel. (Stats. 1951, ch. 96, § 1, p. 354.) Conditional examinations were allowed in "offenses triable in any court," not solely superior court, in 1967.

*The Current Statute*

The Legislature enacted the existing version of section 1335 in 1985.[5] The former section 1335 became subdivision (a),[6] and subdivisions (b) and (c) were added:

"(a) When a defendant has been charged with a public offense triable in any court, he or she in all cases, and the people in cases other than those for which the punishment may be death, may, if the defendant has been fully informed of his or her right to counsel as provided by law, have witnesses examined conditionally in his or her or their behalf, as prescribed in this chapter.

"(b) When a defendant has been charged with a serious felony, the people may, if the defendant has been fully informed of his or her right to counsel as provided by law, have a witness examined conditionally as prescribed in this chapter if the people have evidence that the life of the witness is in jeopardy.

"(c) As used in this section, 'serious felony' means any of the felonies listed in subdivision (c) of Section 1192.7 or any violation of Section 11351,

---

[5]By this time, the provision in the California Constitution limiting depositions in homicide cases had been omitted. Article I, section 15 stated simply in part: "The defendant in a criminal cause has the right to . . . be confronted with the witnesses against the defendant. The Legislature may provide for the deposition of a witness in the presence of the defendant and the defendant's counsel. . . ." (Cal. Const., art. I, § 15, added Nov. 5, 1974.)

[6]The Legislature also changed the language in subdivision (a) to be gender neutral.

11352, 11378, or 11379 of the Health and Safety Code." An apparent inconsistency was thus created because the definition of "serious felony" under section 1192.7, subdivision (c)(7)[7] includes "any felony punishable by death or imprisonment in the state prison for life." Thus, facially section 1335, subdivision (a) prohibits the prosecution from conducting conditional examinations in capital cases and subdivision (c) allows for such examinations in serious felony cases which, by definition, include capital cases.

## DISCUSSION

■  Petitioners contend the long-standing prohibition on conditional examinations in capital cases remains, despite the addition of subdivisions (b) and (c) to section 1335, based on legislative history and the constitutional considerations inherent in the right to confront witnesses as expressed in *Lee v. Superior Court* (1976) 58 Cal.App.3d 851 [130 Cal.Rptr. 532]. They interpret subdivisions (b) and (c) as allowing the People to conduct a conditional examination in serious felony cases where the witness's life is in jeopardy by threat or risk of physical harm, except where the punishment may be death. Petitioners argue the Legislature left intact a capital

---

[7]Section 1192.7, subdivision (c) provides in its entirety:

"(c) As used in this section 'serious felony' means any of the following:

"(1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious act on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of an inhabited dwelling house, or trailer coach as defined by the Vehicle Code, or inhabited portion of any other building; (19) robbery or bank robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (d) of Section 11055 of the Health and Safety Code, or any of the precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code; (25) any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person; (26) grand theft involving a firearm; (27) any attempt to commit a crime listed in this subdivision other than an assault."

defendant's right to confront witnesses and not be put to death upon the testimony of a witness whose demeanor was not observed by the trier of fact.

The People argue the Legislature created an exception to the prohibition on conditional examinations in capital cases with section 1335, subdivisions (b) and (c). In other words, although the People may not examine conditionally in capital cases where the witness is about to leave the state or is too ill to attend trial, the People may examine where the witness's life is in jeopardy. The People emphasize that *Lee* preceded the amendment by nine years and the conditional examination is essentially admissible "former testimony." Because the People plan to videotape Collins's testimony, they contend the jury will be able to observe her demeanor as if she were present in court.

The legislative history reveals the 1985 amendment to section 1335 et seq. was part of Assembly Bill No. 2059, which created an additional exception to the hearsay rule. Evidence Code section 1350 allows prior statements by a material witness who has been murdered or kidnapped by the time of trial to be admitted as evidence if certain criteria are met. (Assem. Bill No. 2059 (1985-1986 Reg. Sess.) § 2.) Comments on the bill state the legislation was "motivated by the 'murdered witness problem' . . . serious charges are dismissed, lost or reduced every year because of the unavailability of prosecution witnesses who have been murdered or kidnapped by the persons against whom they would testify." (Assem. Office of Research, 3d reading analysis of Assem. Bill No. 2059 (1985-86 Reg. Sess.).) The amendments to section 1335 were part of the bill and intended to provide a mechanism to preserve the witness's statements. The Legislative Counsel's Digest explained: "Existing law provides that a criminal defendant or the people may have witnesses examined conditionally, for specified reasons. [¶] This bill would additionally authorize the conditional examination of prosecution witnesses by the people if the life of the witness is in jeopardy." Thus, the witness likely to be murdered or kidnapped before trial was an *additional category* of potentially unavailable witness. Section 1337 was amended to reflect the additional category, as follows:

"The application shall be made upon affidavit stating all of the following:

". . . . . . . . . . . . . . . . . . . . . .

"(4) That the witness is about to leave the state, or is so sick or infirm as to afford reasonable grounds for apprehending that he or she will not be able to attend the trial, or that the life of the witness is in jeopardy."

There is nothing in the history of the bill, however, to indicate the Legislature contemplated affecting the prohibition on conditional examinations in capital cases in any manner. In amending statutes, the Legislature is

deemed to be aware of existing laws and judicial decisions in effect at the time and to act in light of them. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 897 [231 Cal.Rptr. 213, 726 P.2d 1288].) *Lee* v. *Superior Court, supra*, 58 Cal.App.3d 851, interpreted what is now subdivision (a) of section 1335 unequivocally to prohibit the People from conducting a conditional examination in a capital case, stating: "It is apparent from the clear language of section 1335 itself that the Legislature made a conscious and deliberate decision to grant a defendant the right to the conditional examination of witnesses 'in all cases,' while limiting the People's right to noncapital cases." (*Lee* v. *Superior Court, supra*, 58 Cal.App.3d at p. 853.) We find no cases disagreeing with *Lee* in the years before or after the amendment to section 1335 et seq. In the absence of any indication to the contrary we must conclude the Legislature intended to preserve the heightened right of confrontation in cases where the defendant may be put to death.

The "life in jeopardy" conditional examination provided by section 1335, subdivision (b) is available for any case in which a "serious felony" is charged, and "serious felony" is defined by reference to section 1192.7, subdivision (c). We note that section was adopted by initiative in 1982 to curtail plea bargaining in a vast number of criminal cases, 27 discrete categories of crimes. Apparently the referral to section 1192.7, subdivision (c) was a shorthand method of definition designed to preclude the People from conducting "life in jeopardy" type conditional examinations in all cases. However, if we were to accept the People's argument, and adopt the literal definition of section 1335, subdivision (c) and its reference to section 1192.7, subdivision (c), we would create a distinction in the use of preserved testimony which seemingly would have no justification. Under subdivision (a) of section 1135, the testimony of a witness who is to die before the death penalty trial because of natural causes could not be preserved, while that same witness's testimony could be preserved if the threat of nonattendance at trial were based upon possible kidnap or murder. A defendant is entitled to the benefit of every reasonable doubt where a penal statute is susceptible to two constructions. (*People* v. *Overstreet, supra*, 42 Cal.3d at p. 896.) Since the possible distinction just reviewed appears illogical to us, we conclude the better interpretation is to find that conditional examinations are not permitted in *any* case in which the People seek punishment by death.[8]

---

[8]Were we to rule otherwise, and conclude that examinations by the prosecution in death penalty cases are permitted, but only when the witness's life is "in jeopardy," it would then obviously be necessary, as a prerequisite to the order permitting the examination, for the court to make findings based on evidence to the effect that the witness's life in fact was in jeopardy. The court in this case had no substantial evidence of likely murder or kidnap of the witness, but *did* have evidence that the witness was likely to die from natural causes before the trial. The trial court ruled that the witness's life "was in jeopardy due to illness," thus mixing, at

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order granting the People's application for a conditional examination and enter a new order denying the application. The stay issued on September 21, 1993, is vacated upon issuance of the remittitur.

Work, Acting P. J., and Nares, J., concurred.

---

least linguistically, the otherwise severable bases for the preservation of testimony. Since we have concluded that conditional examinations by the People can in no circumstance be taken in a death penalty case, we need not dwell upon this apparent confusion in terminology.