[No. F019656. Fifth Dist. May 19, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS BRUCE JONES, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

COUNSEL

John M. Hanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Garnand Venturi and Janette H. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, J.**—Douglas Bruce Jones appeals the sentence imposed for involuntary manslaughter on remand after his previous appeal. He challenges the trial court's denial of probation and its imposition of the middle prison term and a greater restitution fine than previously imposed. Our published discussion concerns only the fine issue. Other than to modify the restitution fine, we affirm.

### FACTS AND PROCEEDINGS

John Miller was appellant's former employer. The two men had a misunderstanding about money. Appellant, who had been drinking, called Miller about the dispute, and the two men argued. Miller told appellant to come to Miller's place of business to settle the matter.

Appellant armed himself with a pistol and called his former wife to say he loved his daughters "no matter what happen[s] to him." He called his present

wife at work, sounding upset. He started for Miller's, but then waited until other employees had left before entering through the rear door.

After appellant entered the building, the two men fought. Miller ended up on top of appellant. Appellant recalled Miller was skilled in martial arts and previously had told appellant he did not end a fight until the opponent was "finished." Accordingly, appellant pulled the pistol from his waistband. Appellant testified Miller said, "I don't give a fuck what you have in your hand. . . . I'll kill ya." Miller came toward appellant. Appellant shot Miller once in the stomach. Miller died.

Appellant was charged with first degree murder. A jury convicted him of voluntary manslaughter and found true an enhancement for personal use of a firearm. (Pen. Code, § 12022.5, subd. (a).)[1] The court sentenced appellant to the middle term of six years for voluntary manslaughter and four years for personal use of a firearm.

In 1993, we reversed appellant's conviction on the basis the trial court erroneously failed to instruct the jury on involuntary manslaughter as a lesser included offense of first degree murder. (*People* v. *Jones* (Jan. 15, 1993) F016771 [nonpub. opn.].) Our directions to the court on remand were "to enter a judgment of guilty of involuntary manslaughter unless within 20 days after this decision is final the prosecution files a written election with the court stating its intention to re-try defendant on charges of voluntary manslaughter. If the prosecution forgo[e]s prosecuting defendant for voluntary manslaughter, then defendant shall be resentenced for the crime of involuntary manslaughter plus the personal use of a firearm."

On April 7, 1993, the prosecutor stated in open court her election not to retry the case. Judgment of guilty of involuntary manslaughter (§ 192, subd. (b)), with the personal-use-of-a-firearm enhancement, was entered on April 28, 1993.

On May 12, 1993, appellant was sentenced to the middle term of three years for involuntary manslaughter and the four-year middle term on the gun-use enhancement. The court orally imposed a restitution fine of $5,000 pursuant to Government Code section 13967, although the fine was not noted in the clerk's minutes of the sentencing hearing. Appellant filed a timely notice of appeal on May 19, 1993.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

DISCUSSION

I., II.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

III. *Increase of Restitution Fine on Resentencing*

■ Appellant contends the trial court violated the state constitutional prohibition on double jeopardy by imposing a $5,000 restitution fine, when a fine of $1,000 was part of the sentence originally imposed for voluntary manslaughter.[4]

In 1963, the Supreme Court decided *People* v. *Henderson* (1963) 60 Cal.2d 482 [35 Cal.Rptr. 77, 386 P.2d 677]. That case held that under article I, section 13, of the California Constitution a capital defendant sentenced to life imprisonment at his first trial cannot receive the death penalty upon retrial after a successful appeal. (*Id.* at p. 497.) "A defendant's right of appeal from an erroneous judgment is unreasonably impaired when he is required to risk his life to invoke that right. Since the state has no interest in preserving erroneous judgments, it has no interest in foreclosing appeals therefrom by imposing unreasonable conditions on the right to appeal." (*Ibid.*)

"The *Henderson* holding was not confined to invalidation of a death sentence after reversal of a judgment imposing a life sentence; it was applied to any case in which a more severe sentence is sought to be imposed on retrial." (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Defenses, § 316, p. 365.)

Respondent argues: "[A] defendant whose sentence was increased at resentencing after remand does not establish a violation of the proscription against double jeopardy. (*People* v. *Savala* [(1983)] 147 Cal.App.3d [63, 66] [195 Cal.Rptr. 193].) Here, the record contains numerous factors which support the [imposition] of the $5,000 fine and there is no indication that the increase was the result of the court punishing appellant for exercising his constitutional rights to appeal."[5]

In *People* v. *Savala* (1983) 147 Cal.App.3d 63, 67-68 [195 Cal.Rptr. 193], the question was, when a defendant's appeal is successful as to an enhancement upon which he was sentenced, may the trial court reconsider the

*See footnote, *ante*, page 1780.

[4]On appellant's motion, and over respondent's "relevancy" objection, we take judicial notice of our file in *People* v. *Jones, supra*, No. F016771. Respondent does not dispute that a $1,000 restitution fine was imposed originally.

[5]This position is at odds with established California authority: "[O]ur Supreme Court continues to reiterate its concern that a defendant not be placed in the ' " 'incredible

sentences on other counts and enhancements in light of the modification of the overall sentence caused by the enhancement error? The court held that "the sentence" which may not be exceeded on remand is the aggregate sentence, not simply the sentence on the enhancement. Although expressly recognizing that the California Supreme Court "has imposed a limitation that the defendant not be sentenced to a punishment in excess of his original sentence" (*id.* at p. 67), the court held that this rule was not violated in the case before it because the aggregate sentence on remand was lower than the original aggregate sentence. (*Peoplev. Begnaud* (1991) 235 Cal.App.3d 1548, 1557 [1 Cal.Rptr.2d 507]; see also *In re Ditsch* (1984) 162 Cal.App.3d 578, 582 [209 Cal.Rptr. 12].)

The critical question before us, which respondent has not addressed at all and appellant resolves only implicitly, is: What does "greater" mean when a sentence is composed of a monetary and a temporal component? Must we determine whether $4,000 is "greater" than the three-year difference in the original and remand sentences? We conclude that policy considerations discussed in *People* v. *Walker, supra,* 54 Cal.3d 1013 dictate that these sentencing components be examined separately.

*Walker* dealt with the imposition of restitution fines in the context of plea bargains that did not specifically contemplate such fines. After holding that imposition of such fines was in most circumstances impermissible, the

dilemma' " ' of suffering an erroneous conviction to stand unchallenged or risking a more severe sentence (*People* v. *Henderson, supra,* 60 Cal.2d at pp. 496-497) even though the United States Supreme Court has since determined that in general 'the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction.' (*North Carolina* v. *Pearce* [(1969)] 395 U.S. [711, 719 (23 L.Ed.2d 656, 666, 89 S.Ct. 2072)].) Although presented with both the opportunity to do so and subsequent clarification of federal constitutional law, the court has never retreated from the rationale or holding of *Henderson.* (See, e.g., *People* v. *Collins* (1978) 21 Cal.3d 208, 216-217 . . . ; *People* v. *White* (1976) 16 Cal.3d 791, 802 . . . ; *People* v. *Serrato* (1973) 9 Cal.3d 753, 763-764 . . . , disapproved on other grounds in *People* v. *Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 . . . ; *Curry* v. *Superior Court* [(1970)] 2 Cal.3d [707, 716-717]; *People* v. *Hood* (1969) 1 Cal.3d 444, 459 . . . ; see also *People* v. *Ali* (1967) 66 Cal.2d 277, 281 . . . ; *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1047-1048 . . . ; *People* v. *Savala* (1983) 147 Cal.App.3d 63, 67 . . . , disapproved on other grounds in *People* v. *Foley, supra,* 170 Cal.App.3d at p. 1044; *People* v. *Harvey* (1978) 76 Cal.App.3d 441, 447-448 . . . .)" (*People* v. *Superior Court (Harris)* (1990) 217 Cal.App.3d 1332, 1337 [266 Cal.Rptr. 563].)

Respondent also contends appellant has waived this issue by not raising it in the trial court, relying on *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861]; see also *People* v. *Welch* (1993) 5 Cal.4th 228 [19 Cal.Rptr.2d 520, 851 P.2d 802]. It is not necessary to resolve that issue in this case, because the absence of any possible tactical purpose for counsel's silence on the double jeopardy issue, on the facts before us, would require that we reach the double jeopardy issue on a theory of ineffective assistance of trial counsel in any event. (See *People* v. *Ledesma* (1987) 43 Cal.3d 171, 217 [233 Cal.Rptr. 404, 729 P.2d 839].)

California Supreme Court directed its attention to the appropriate remedy for violation of the plea agreement. "To avoid the anomaly of restitution fines costing more money than they generate, and causing more harm than benefit to victims, a bright-line rule is desirable. . . . Accordingly, we hold that if the breach of the plea bargain is first raised after sentencing, the proper remedy generally is to reduce the fine to the statutory minimum, and to leave the plea bargain intact." (54 Cal.3d at p. 1029.)

In the present circumstances, the same practical considerations militate in favor of a bright-line rule. The rule must provide for ease of application in the trial court and it must foster a reduction of appeals that cost more than the public ever may collect from convicted felons. Consequently, we hold that, in cases where the *Henderson* double jeopardy prohibition is otherwise applicable, the monetary portion of a sentence on remand from a successful appeal may not exceed the monetary portion of the sentence originally imposed, absent some express agreement by the defendant to the contrary.

In this case, respondent has suggested no exception to the *Henderson* rule, nor are we aware of one applicable here. Thus, the trial court should have imposed a restitution fine no greater than the original fine.

#### DISPOSITION

The judgment is modified to reduce the Government Code section 13967 restitution fine from $5,000[6] to $1,000. As modified, the judgment is affirmed.

Ardaiz, Acting P. J., and Harris, J., concurred.

A petition for a rehearing was denied June 7, 1994, and appellant's petition for review by the Supreme Court was denied August 17, 1994.

---

[6]As previously noted, the written minutes and judgment do not reflect any restitution fine; our record of the fine is based upon the court's oral imposition of judgment.