61 Cal.App.4th 1269 (1998)
THE PEOPLE, Plaintiff and Respondent,
v.
CLIFFORD BRADLEY THOMPSON, Defendant and Appellant.
Docket No. C024734.
Court of Appeals of California, Third District.
February 10, 1998.
*1271 COUNSEL
Linda A. Leavitt, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.
[Opinion certified for partial publication.[]]
OPINION
RAYE, J.
Defendant Clifford Bradley Thompson, using various aliases, applied for and obtained employment at several group homes for children. As part of the application process, defendant stated under penalty of perjury he had no prior criminal convictions. In fact, defendant had five felony convictions and three misdemeanor convictions. A jury found defendant guilty of six counts of perjury. (Pen. Code, § 118, subd. (a).) After finding two prior prison term allegations true (Pen. Code, § 667.5, subd. (d)) the court sentenced defendant to eleven years and imposed a restitution fine of $4,400 (Pen. Code, §§ 1202.4 and 1202.45). On appeal defendant contends: (1) the court erred in denying defendant's motion to suppress, since evidence admitted at trial was the fruit of an illegal search; (2) the increase in defendant's sentence after retrial violates due process and the prohibition against double jeopardy; (3) the court improperly allowed amendment of the information after defendant waived his right to a jury trial; (4) the fine imposed must be stricken under the ex post facto doctrine; (5) the court erred in permitting the conditional examination of a witness; and (6) several exhibits were inadmissible hearsay. In the published portion of this opinion we conclude the increase in defendant's term of confinement following retrial violates the double jeopardy clause of the California Constitution. We *1272 modify defendant's sentence to reduce the unstayed prison term and direct the trial court to reduce the restitution fine. We reject his remaining contentions in the unpublished portions of this opinion.

FACTUAL AND PROCEDURAL BACKGROUND
Between 1991 and 1993 defendant, using a variety of aliases, applied for employment at five group homes for children. On each employment application, defendant stated, under penalty of perjury, that he had no criminal convictions. In reality, defendant had five felony convictions and three misdemeanor convictions. In each case, the group home employer considered the criminal history information to be crucial and material to employment. Defendant submitted his fingerprints with each application.
Each of the five group homes hired, and eventually fired, defendant. The group homes, with one exception, would not have hired defendant with the knowledge of his use of aliases and prior convictions.
Defendant also filled out an application for a taxi cab permit under an alias. On the application, under penalty of perjury, defendant stated he had never been convicted of a crime. In addition, defendant submitted fingerprints. Ultimately, a taxicab permit was issued to defendant. The permit would not have been issued had authorities known defendant used a false name and had five felony and three misdemeanor convictions.
Information regarding defendant's misrepresentations came to the attention of authorities after defendant's landlord contacted police. The landlord claimed defendant had burglarized his residence. When the police responded, the landlord reported defendant assaulted him after he complained to defendant about nocturnal visits from teenage boys who climbed through defendant's window.
The police arrested defendant and, without a warrant, searched his apartment. The search yielded pictures of children engaged in sexual activity, false birth certificates, and other information. Following the search, police contacted the Department of Social Services who conducted an investigation and obtained falsified employment applications at various group homes.
An information charged defendant with two counts of lewd conduct with a minor under fourteen years of age (Pen. Code, § 288, subd. (a)) and six counts of perjury (Pen. Code, § 118, subd. (a)). Two prior prison terms were alleged under Penal Code section 667.5, subdivision (d). The trial court bifurcated the child molestation counts from the perjury counts.
*1273 A jury trial followed. The jury convicted defendant of six perjury counts. The prosecution dismissed the second prior conviction in the interests of justice. The court found the other prior prison term allegation true.
The court sentenced defendant to 10 years for the 6 perjury convictions and the prior prison term. We reversed defendant's conviction following his first trial in People v. Thompson (1996) 43 Cal. App.4th 1265 [51 Cal. Rptr.2d 334]. In the unpublished portion of the opinion we reversed the convictions for the six counts of perjury due to instructional error. In the published portion of the decision we determined an issue of standing.
On remand, following an evidentiary hearing, the court denied defendant's motion under Penal Code section 1538.5 to suppress evidence. A second jury trial followed.
At trial, a Sacramento sheriff compared defendant's fingerprints to the fingerprints submitted by defendant with each application. The officer found the fingerprints matched.
A senior special investigator for the California Department of Developmental Services testified regarding the investigation of licensing violations by defendant. According to the investigator, defendant made no requests for exceptions to licensing requirements.
The second jury found defendant guilty of six counts of perjury. Defendant waived his right to a jury trial as to the two prior prison terms.
The court allowed amendment of the information as to one of the charged priors. The court found the two prior prison term allegations to be true.
The court sentenced defendant to 11 years and imposed restitution fines under Penal Code sections 1202.4 and 1202.45. Defendant filed a timely notice of appeal.

DISCUSSION

I. Motion to Suppress[*]
.... .... .... .... .... .... .... .

II. Double Jeopardy

Defendant argues the increase in his sentence after retrial violates the constitutional guarantee against double jeopardy.

*1274 A. Factual Background

The original information charged defendant with two prior prison terms, a 1985 perjury conviction and a 1984 nonsufficient funds conviction. After the jury convicted defendant of the six perjury counts during the first trial, defendant waived jury trial on the prior prison term allegations. The court granted the prosecution's motion to dismiss one of the prior prison terms. The court sentenced defendant to ten years: nine years on the perjury counts, plus one year for the prior prison term enhancement. The court also imposed a $2,000 restitution fine pursuant to former Government Code section 13967.[5]
We reversed the judgment based on instructional error. (People v. Thompson, supra, 43 Cal. App.4th 1265, 1267.) The matter was remanded for retrial. Defendant entered a plea of not guilty to the original information which contained the two prior prison term allegations. Following his conviction by the jury in the second trial, defendant again waived jury trial on the prior prison term allegations.
During the court trial on the prior prison terms, the prosecution notified the court that the two charged priors involved concurrent prison time. The prosecution moved to amend the perjury prior to a second degree burglary. The court granted the motion.
Defense counsel objected, arguing defendant had not waived his right to a jury trial on the burglary prior. The court denied defendant's motion to strike the burglary prior.
At sentencing, defendant again moved to strike the burglary prior. Defense counsel specifically did not request a new trial, stating a new trial would not be in his client's best interests. The prosecution informed the court the information incorrectly alleged two prior convictions which did not result in separate prison terms. In addition, the prosecution stated the error had been discovered following trial. The court denied the motion finding defendant suffered no prejudice as a result of the amendment and defendant's waiver of a jury trial was valid.
The court sentenced defendant to eleven years including two separate one-year terms for the prior prison term enhancements. The court also imposed two restitution fines of $2,200 each, one under Penal Code section *1275 1202.4 and one under Penal Code section 1202.45. Payment of the fine imposed under Penal Code section 1202.45 was suspended unless and until defendant's parole, if granted, is revoked. The court also imposed $168 in fines pursuant to Government Code section 29550.2.

B. Discussion

Following defendant's first trial, the trial court sentenced him to ten years: nine years on the perjury counts and one year for the prior prison term enhancement. Following the second trial, the court sentenced defendant to eleven years: nine years on the perjury counts and two one-year terms for the prior prison term enhancements. Unquestionably, the court imposed a more severe penalty following the second trial.
(1) Citing People v. Henderson (1963) 60 Cal.2d 482 [35 Cal. Rptr. 77, 386 P.2d 677], defendant contends the increase in both the sentence and fines imposed violates the double jeopardy clause of the California Constitution. The Supreme Court in Henderson held that under the double jeopardy clause of the California Constitution, a defendant sentenced to life imprisonment at his or her first trial cannot receive the death penalty upon retrial after a successful appeal. (Id. at p. 497.) "The Henderson holding was not confined to invalidation of a death sentence after reversal of a judgment imposing a life sentence; it was applied to any case in which a more severe sentence is sought to be imposed on a retrial." (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 316, p. 365; People v. Superior Court (Harris) (1990) 217 Cal. App.3d 1332, 1336 [266 Cal. Rptr. 563].)[6]
Recently, in People v. Monge (1997) 16 Cal.4th 826 [66 Cal. Rptr.2d 853, 941 P.2d 1121], the Supreme Court reaffirmed its stance in People v. Henderson, supra, 60 Cal.2d 482, noting "... when a defendant successfully challenges his conviction, the state double jeopardy clause prohibits imposition of a greater sentence following retrial, thus preventing an `unreasonabl[e] impair[ment]' of `[a] defendant's right of appeal from an erroneous judgment.' [Citations.]" (16 Cal.4th at p. 843.) Other cases have applied this rule, protecting defendants from receiving a greater sentence if reconvicted after a successful appeal. (See People v. Collins (1978) 21 Cal.3d 208 [145 Cal. Rptr. 686, 577 P.2d 1026]; People v. Hood (1969) 1 Cal.3d 444, 459 [82 Cal. Rptr. 618, 462 P.2d 370]; People v. Ali (1967) 66 Cal.2d 277, 281 [57 Cal. Rptr. 348, 424 P.2d 932].) Consistent with Henderson and its *1276 progeny, we conclude the increase in defendant's term of confinement following retrial violates the double jeopardy clause of the California Constitution. Therefore, we shall modify defendant's sentence to stay one of the one-year enhancements, reducing the unstayed prison term to ten years.
(2) The fines imposed following the second trial present a different question. Following the first trial the court imposed a $2,000 fine. Following the second trial the court imposed $4,400 in fines, a $135 booking fee and a $33 main jail classification fee. (Gov. Code, § 29550.2.)
In People v. Jones, supra, 24 Cal. App.4th 1780, after defendant's conviction was reversed and remanded, he was found guilty in a second trial. The trial court sentenced defendant and imposed a restitution fine of $5,000 although it had imposed a fine of $1,000 in the original proceeding. (Id. at pp. 1781-1783.) The appellate court modified the judgment to reduce the fine from $5,000 to $1,000. The court held under the double jeopardy provisions of the California Constitution a more severe sentence may not be imposed following retrial. Therefore, the monetary portion of a sentence on remand from a successful appeal may not exceed the monetary portion of the sentence originally imposed, absent some express agreement by the defendant to the contrary. (Id. at p. 1785.)
The People acknowledge Jones, but urge us to reject its holding. The People argue restitution fines pursuant to Penal Code sections 1202.4 and 1202.45 are not punishment but merely serve the societal interest of compensating crime victims. We are not persuaded. Such societal interest may be among the reasons for imposing such fines, but fines have historically been considered part of the punishment for double jeopardy purposes. (Jeffers v. United States (1977) 432 U.S. 137, 154-155 [97 S.Ct. 2207, 2218-2219, 53 L.Ed.2d 168].) In addition, Penal Code section 15 defines a fine as one of the punishments which may be imposed for conviction of a crime. The People also argue the Government Code section 29550.2 fines totaling $168 are nonpunitive, "remedial" assessments to reimburse for jail-related costs. Again, reimbursement may be part of the rationale underlying the fine, but its effect is punitive. We see no reason to depart from the holding in People v. Jones, supra, 24 Cal. App.4th 1780. Accordingly, we shall direct the trial court to reduce the restitution fine to $2,000 under Penal Code section 1202.4, the amount originally assessed.[7]

*1277 III. Amendment of the Information[*]
.... .... .... .... .... .... .... .

IV. Conditional Examination

(3) Defendant argues the court erred in admitting into evidence the testimony of Ilse Rollin. Prior to trial, counsel conducted a conditional examination of Rollin. Rollin planned to be on vacation in Hawaii at the time of trial.
Rollin received a subpoena to testify approximately two weeks before trial. She contacted the deputy district attorney and told him of her prearranged trip. The prosecution requested a conditional examination. (Pen. Code, §§ 1340-1344.) Defense counsel objected to the procedure and requested that the court make findings of the witness's unavailability and due diligence on the part of the prosecution. The court declined to make such finding, but instead found Rollin would be on an out-of-state vacation.[9]
Rollin's testimony was read into evidence at trial. She served as custodian of records at one of the group homes and identified defendant's employment application. Rollin testified defendant would not have been hired had the organization known of his prior criminal record. She testified under oath, and defense counsel conducted a cross-examination. Prior to the admission of Rollin's testimony, defendant objected on the grounds that the trial court failed to find Rollin unavailable to testify at trial.
Penal Code sections 1335-1345 govern conditional examinations. Section 1336 states, in part: "(a) When a material witness for the defendant, or for the people, is about to leave the state, or is so sick or infirm as to afford reasonable grounds for apprehension that he or she will be unable to attend the trial, the defendant or the people may apply for an order that the witness be examined conditionally." (Italics added.) The party requesting the conditional examination must submit an affidavit stating, among other things, that "the witness is about to leave the state, or is so sick or infirm...." (Pen. Code, § 1337, subd. (4), italics added.) In addition, "If, at the time and place so designated, it is shown to the satisfaction of the magistrate that the witness is not about to leave the state ... the examination cannot take place." (Pen. Code, § 1341, italics added.) During the conditional examination the defendant has the right to be present with counsel. (Pen. Code, § 1340.)
*1278 Defendant argues the trial court erred in allowing the conditional examination of Rollin absent a finding of due diligence. In support, defendant relies on Dalton v. Superior Court (1993) 19 Cal. App.4th 1506 [24 Cal. Rptr.2d 248]. In Dalton, the appellate court held that the People are not entitled to a conditional examination in capital cases. In dicta, in a footnote, the Dalton court observed that the transcript of a conditional examination "may be read into evidence by either party at trial if the witness is unavailable within the meaning of section 240 of the Evidence Code." (Id. at p. 1508, fn. 2, citing Pen. Code, former § 1345.)[10] As defendant points out, Evidence Code section 240, subdivision (a)(5) defines an unavailable witness as one who is "[a]bsent from the hearing and the proponent of his or her statement has exercised reasonable diligence but has been unable to procure his or her attendance by the court's process."
When enacted, Penal Code section 1345 stated: "The deposition, or certified copy thereof, may be read in evidence by either party on the trial, upon its appearing that the witness is unable to attend, by reason of his death, insanity, sickness, or infirmity, or of his continued absence from the State. Upon reading the deposition in evidence, the same objections may be taken to a question or answer contained therein as if the witness had been examined orally in Court." In People v. Means (1960) 179 Cal. App.2d 72 [3 Cal. Rptr. 591], the appellate court, construing section 1345 as originally enacted, found the trial court did not err in allowing the reading of deposition testimony of an out-of-state witness. The witness had been willing to return for the trial, and defendant argued the requirement of section 1345 cannot be met by a mere showing that the witness was absent from the state. (179 Cal. App.2d at pp. 82-83.) The appellate court found no requirement of due diligence, noting "We do not think that the statute requires that the witness be both out of the state and unwilling to attend the trial, or that the other party pay for the transportation of an out-of-state witness." (Id. at p. 83.)
In 1965 Penal Code section 1345 was revised "so that the conditions for admitting the deposition of a witness that has been taken in the same action are consistent with the conditions for admitting the testimony of a witness in another action or proceeding under Evidence Code Sections 1290 to 1292." (See Cal. Law Revision Com. com., 51 West's Ann. Pen. Code (1982 ed.) § 1345, p. 834.) The revision added the reference to Evidence Code section 240.
*1279 The revision also created an anomaly: Penal Code sections 1336, 1337 and 1341 provide for a conditional examination when a witness is about to leave the state. None of these sections mention an unavailability requirement under Evidence Code section 240. Therefore, Penal Code section 1336 allows a party to apply for a conditional examination when a witness is about to leave the state; section 1337 requires an affidavit showing such absence; and section 1341 provides the examination shall not take place if the magistrate is not satisfied the witness will be absent from the state. Yet the transcript of the conditional examination may be read into evidence if the court finds the witness unavailable under Evidence Code section 240, which does not list absence from the state as a form of "unavailability." How then does one reconcile Penal Code section 1345 with the other sections governing conditional examinations?
Recently, the Supreme Court faced a similar dilemma in a slightly different context. In People v. Reed (1996) 13 Cal.4th 217 [52 Cal. Rptr.2d 106, 914 P.2d 184], the court found preliminary hearing transcripts containing hearsay to be admissible under the unavailable witness exception of Evidence Code section 1291, subdivision (a). The witnesses were legally unavailable because the prosecution was precluded by judicial rule from presenting any evidence outside the record to prove the circumstances of the prior crime.
In Reed, the defendant had argued the definition of "unavailable as a witness" codified in Evidence Code section 240 makes no mention of a judicial rule precluding testimony. The court began by explaining the rationale behind the unavailability requirement: "The fundamental purpose of the unavailability requirement is to ensure that prior testimony is substituted for live testimony, the generally preferred form of evidence, only when necessary. `[F]ormer testimony often is only a weaker substitute for live testimony.... If the declarant is available and the same information can be presented to the trier of fact in the form of live testimony, with full cross-examination and the opportunity to view the demeanor of the declarant, there is little justification for relying on the weaker version. When two versions of the same evidence are available, longstanding principles of the law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence. [Citation.] But if the declarant is unavailable, no "better" version of the evidence exists, and the former testimony may be admitted as a substitute for live testimony on the same point.' [Citation.] As this court, quoting Wigmore's treatise, has observed, `"The general principle upon which depositions and former testimony should be resorted to is the simple principle of necessity,  i.e., the absence of any other means of utilizing the witness' knowledge."' [Citation.]" (People v. Reed, supra, 13 Cal.4th at pp. 225-226.)
*1280 The court acknowledged that Evidence Code section 240 did not label as "unavailable" witnesses in the situation at issue in Reed, but the court noted: "California courts have not interpreted Evidence Code sections 240 and 1291 so strictly as to preclude unlisted variants of unavailability. Rather, courts have given the statutes a realistic construction consistent with their purpose, i.e., to ensure that certain types of hearsay, including former testimony, are admitted only when no preferable version of the evidence, in the form of live testimony, is legally and physically available." (13 Cal.4th at pp. 226-227.)
The court concluded: "In accord with this pragmatic approach to the concept of unavailability in the context of admission of former testimony, we decline to interpret the unavailability requirement of Evidence Code section 1291 strictly as referring exclusively to the kinds of legal unavailability expressly listed in Evidence Code section 240. The terms of subdivision (a) of Evidence Code section 240 do not, in our view, state the exclusive or exact circumstances under which a witness may be deemed legally unavailable for purposes of Evidence Code section 1291. Under our rule in Guerrero, the prosecution in this case was as completely barred from calling the Martinezes as if they had been disqualified or their evidence privileged. No reason appears why they should be considered any less `unavailable' than a disqualified or privileged witness. Moreover, maintaining such a distinction would deprive the trier of fact of testimony that is not available in any other form, and from witnesses whom defendant has already had the opportunity, with similar motive, to cross-examine on the matter at issue. To enforce such a bar, without adequate justification, would be unfair to the People and detrimental to the administration of justice." (People v. Reed, supra, 13 Cal.4th at pp. 227-228, citing to People v. Guerrero (1988) 44 Cal.3d 343 [243 Cal. Rptr. 688, 748 P.2d 1150].)
We believe such a flexible, pragmatic approach is required in the present case. The statutes governing conditional examinations list absence from the state as a reason for a conditional examination. The court found Rollin would be absent from the state during trial and allowed her conditional examination. During trial, the court admitted the examination into evidence. The examination was conducted under oath and included a cross-examination by defense counsel. Even though Evidence Code section 240 does not define an out-of-state witness as unavailable, we believe a reading of Penal Code sections 1335-1345 mandates such a conclusion. Therefore, the court did not err in admitting Rollin's conditional testimony.[11]

*1281 V. Admissibility of Job Applications[*]
.... .... .... .... .... .... .... .

DISPOSITION
The judgment is modified to stay one of the one-year enhancements, to reduce the Penal Code section 1202.4 restitution fine from $2,200 to $2,000 and to strike the Penal Code section 1202.45 fine and Government Code section 29550.2 fine. The superior court is directed to prepare a new abstract of judgment in accordance with our opinion and forward it to the Department of Corrections. In all other respects the judgment is affirmed.
Sims, Acting, P.J., and Nicholson, J., concurred
A petition for a rehearing was denied March 11, 1998, and appellant's petition for review by the Supreme Court was denied May 13, 1998.
NOTES
[] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III and V.
[*] See footnote, ante, page 1269.
[5] Government Code section 13967, subdivision (c) was repealed following defendant's first trial. (Stats. 1994, ch. 1106, eff. Sept. 29, 1994.) Its provisions were largely incorporated into Penal Code section 1202.4.
[6] The United States Supreme Court has determined the federal guarantee against double jeopardy places no restriction upon the length of sentence imposed upon reconviction. (North Carolina v. Pearce (1969) 395 U.S. 711, 719 [89 S.Ct. 2056, 2077-2078, 23 L.Ed.2d 656].) However, the California Supreme Court has not retreated from the rationale of Henderson. (People v. Jones (1994) 24 Cal. App.4th 1780, 1783-1784, fn. 5 [30 Cal. Rptr.2d 238].)
[7] Since we find the court erred in imposing the additional fine pursuant to Penal Code section 1202.45, we need not address defendant's argument that the statute violates the ex post facto clause of the United States Constitution.
[9] Two different judges ruled on the conditional examination. Prior to the second trial, Judge Park permitted the conditional examination. At the second trial, Judge Harpham ruled the evidence admissible.
[10] Penal Code former section 1345 stated: "The deposition, or a certified copy thereof, may be read in evidence by either party on the trial if the court finds that the witness is unavailable as a witness within the meaning of Section 240 of the Evidence Code. The same objections may be taken to a question or answer contained in the deposition as if the witness had been examined orally in court."
[11] Defendant also argues the conditional examination deprived him of his constitutional right of confrontation. The record reveals defendant failed to raise such an objection in the trial court, and the issue has been waived. (See People v. Sanders (1995) 11 Cal.4th 475, 526, fn. 17 [46 Cal. Rptr.2d 751, 905 P.2d 420].)