[No. B235157. Second Dist., Div. One. July 31, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES C. DANIELS, Defendant and Appellant.

30

**COUNSEL**

Landra E. Rosenthal, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHANEY, J.**—A jury convicted defendant James C. Daniels of second degree murder using a deadly weapon, a knife. He was sentenced to a prison term of 16 years to life and ordered to pay $3,400 in restitution, comprising stipulated direct victim restitution in the amount of $3,000 (Pen. Code, § 1202.4, subd. (f)),[1] a $200 restitution fine (§ 1202.4, subd. (b)), and a corresponding $200 parole revocation restitution fine, stayed (§ 1202.45).

We overturned the conviction on appeal because the trial court failed to give necessary jury instructions on the lesser included offense of involuntary manslaughter. (*People v. Daniels* (Mar. 11, 2011, B219184) [nonpub. opn.].)[2] Defendant was then retried and reconvicted on the same charge and was again sentenced to 16 years to life in prison. He was again ordered to pay restitution, this time in the amount of $10,000, comprising a $5,000 restitution fine and an equal parole revocation restitution fine (stayed), but no direct victim restitution.

On appeal, defendant contends the increased monetary sentence violates state constitutional protections against double jeopardy. Although defendant arguably has forfeited the claim of error because he did not object to the sentence below, we will reach the issue because he also contends his attorney was ineffective. (*People v. Scott* (1997) 15 Cal.4th 1188, 1201 [65 Cal.Rptr.2d 240, 939 P.2d 354].) The People concede defendant's increased monetary sentence was imposed in error, and we agree.

█ A person "may not twice be put in jeopardy." (Cal. Const., art. I, § 15.) When a defendant successfully appeals a conviction and is retried and reconvicted on the same charge, the constitutional prohibition against double jeopardy precludes imposition of a more severe punishment after the second

---

[1] Undesignated statutory references are to the Penal Code.

[2] We take judicial notice of the record of defendant's first trial.

conviction than was imposed after the first. (*People v. Hanson* (2000) 23 Cal.4th 355, 358 [97 Cal.Rptr.2d 58, 1 P.3d 650].) In *People v. Hanson*, the Supreme Court held restitution fines are punishment for purposes of double jeopardy, and on remand for resentencing after an appeal, a trial court may not impose restitution fines greater than those imposed in the original judgment. (*Id.* at pp. 366–367.)

■ Here, defendant was first ordered to pay total restitution of $3,400. After retrial, the trial court ordered him to pay $10,000 in restitution. This violated defendant's right not to be subjected to a greater punishment after having successfully appealed his first conviction. We will therefore order the restitution component of the sentence reduced to not more than $3,400, at least $200 of which must be stayed. (§§ 1202.4, subd. (b), 1202.45; *People v. Wardell* (2008) 162 Cal.App.4th 1484, 1496 [77 Cal.Rptr.3d 77].)

Defendant contends, and the Attorney General agrees, that the restitution fine and parole revocation fine must each be reduced to $200, the amount originally imposed, for a net restitution sentence of $400. We disagree.

■ The purpose of the rule against imposing a greater sentence after retrial is to avoid "the chilling effect on the right to appeal generated by the risk of a more severe punishment." (*People v. Hanson, supra*, 23 Cal.4th at p. 366.) But an increase in one component of a monetary sentence will not render punishment more severe if another component is reduced by an equal amount. The protection against double jeopardy requires only that the aggregate monetary sentence, not each component thereof, be equal to or less than that originally imposed. So long as it is, a defendant has no interest in the particular amount of each separate fine.

■ It is true that " 'when a sentence is a mix of *time and money* each must be measured against like components of the earlier sentence for the purposes of determining whether the aggregate sentence has been increased.' [Citation.]" (*People v. Hanson, supra*, 23 Cal.4th at p. 367, italics added; see *People v. Craig* (1998) 66 Cal.App.4th 1444, 1449 [78 Cal.Rptr.2d 659].) But even then, the court need measure only "like" components of earlier versus later sentences, not identical components. "[T]he proper focus with respect to resentencing is whether increased punishment operates to penalize the defendant for exercising the right of appeal." (*People v. Hanson, supra*, 23 Cal.4th at p. 365.)

Here, the three restitution fines imposed at the first sentencing were for double jeopardy purposes identical. All three may thus be considered when determining the maximum amount of restitution allowable on resentencing. For example, because direct victim restitution went from $3,000 to zero,

defendant would suffer no greater punishment if the restitution and parole revocation fines each increased by $1,500 (keeping in mind that the two must be in the same amount). (See § 1202.45.) Or the court could reimpose direct victim restitution in addition to the other fines, so long as the total does not exceed $3,400, of which at least $200 must again be stayed. On the other hand, the trial court may choose to order only $200 in restitution and parole revocation restitution fines, as the Attorney General suggests. On remand, the court may exercise its discretion on the matter.

## DISPOSITION

The judgment of conviction and prison sentence are affirmed but the monetary sentence is vacated and the matter remanded for resentencing. On resentencing, the trial court is directed to order no more than $3,400 in restitution, at least $200 of which must be stayed.

Rothschild, Acting P. J., and Johnson, J., concurred.

A petition for a rehearing was denied August 30, 2012.