Filed 4/9/26  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

PEDRO PAREDES RAMIREZ,

     Defendant and Appellant.

E085350

(Super.Ct.No. RIF1605001)

OPINION

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Daniel Rogers, and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Pedro Paredes Ramirez was resentenced after retrial, and the trial court increased the restitution fine under Penal Code[1] section 1202.4, subdivision (b), from the original amount of $300 to $10,000. The court also failed to recalculate his custody credits. Defendant now appeals. The People concede, and we agree, that the matter should be remanded for the court to correct the amount of the restitution fine and recalculate the custody credits. We affirm with directions.

PROCEDURAL BACKGROUND

In 2018, following his waiver to the right to a jury trial, the trial court found defendant guilty of nine crimes.[2] (*People v. Ramirez* (May 21, 2020, E072111) [nonpub. opn.] (*Ramirez I*).)[3] On January 25, 2019, the court sentenced him to six years plus 89 years to life, plus life without the possibility of parole. The court gave him a total of 963 days of credit for time served and ordered him to pay a restitution fine of $300, pursuant to section 1202.4, subdivision (b). (*Ramirez I*, E072111.)

Defendant appealed, and this court reversed the judgment since the record did not affirmatively show that he voluntarily waived his right to a jury trial; however, we held

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

[2] The specific convictions and allegations are not relevant to the issues in this appeal.

[3] On our own motion, we take judicial notice of our prior unpublished opinion in *Ramirez I*. (Evid. Code, §§ 452, subd. (d), 459.)

2

that he may be retried on all charges and special allegations. (*Ramirez I*, *supra*, E072111.)

Defendant was retried, and a jury convicted him on all charges and found true special circumstance allegations. (*People v. Ramirez* (July 9, 2024, E077359) [nonpub. opn.] (*Ramirez II*).)[4]  On July 2, 2021, the court sentenced him to a determinate sentence of six years plus 89 years to life, plus life without the possibility of parole. The court ordered him to pay $10,000 for the restitution fine under section 1202.4, subdivision (b), and gave him a total of 1,903 days of custody credits (1,727 actual and 176 conduct).[5]

Defendant appealed again, resulting in this court affirming the convictions, but remanding for a full resentencing to apply an amended ameliorative statute. (*Ramirez II*, *supra*, E077359.)[6]

On December 10, 2024, the court resentenced defendant and essentially imposed the same sentence; except on count 4, it imposed the midterm of four years instead of the upper term of six years. The court stated the restitution and order as to fines and fees

---

[4]  On our own motion, we take judicial notice of our prior unpublished opinion in *Ramirez II*. (Evid. Code, §§ 452, subd. (d), 459.)

[5]  We note an error in the amended abstract of judgment, which states in section 13 that defendant had 1,179 days of local time and 548 days in state prison, plus 176 days of conduct credit, for a total of 1,903 days of credits; however, the chart/box on the abstract incorrectly lists 1,179 actual days and 548 conduct days.

[6]  We issued an opinion in this appeal, and the California Supreme Court granted review and returned the matter to us with instructions to reconsider in light of its decision in *In re Vaquera* (2024) 1 Cal.5th 706 (*Vaquera*). After reconsideration of *Vaquera* and the parties' supplemental briefs, we reached the same disposition as set forth in the original opinion. (*Ramirez II*, *supra*, E077359.)

would remain the same.  The amended abstract of judgment that issued reflected the same credits for time served as the previous abstract.

## DISCUSSION

### I. *The Increased Restitution Fine Violates Double Jeopardy*

Defendant argues, and the People concede, that the $10,000 restitution fine the court imposed violates double jeopardy, and the matter must be remanded for the court to vacate the fine and impose the original restitution fine amount of $300.[7]  We agree.

In 1963, the Supreme Court decided *People v. Henderson* (1963) 60 Cal.2d 482 (*Henderson*).  "That case held that under article I, section 13, of the California Constitution a capital defendant sentenced to life imprisonment at his first trial cannot receive the death penalty upon retrial after a successful appeal."  (*People v. Jones* (1994) 24 Cal.App.4th 1780, 1783 (*Jones*); *Henderson*, at p. 497.)  "'The *Henderson* holding was not confined to invalidation of a death sentence after reversal of a judgment imposing a life sentence; it was applied to any case in which a more severe sentence is sought to be imposed on retrial.'"  (*Jones*, at p. 1783.)  The Supreme Court subsequently stated that "[w]hen a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing."  (*People v. Hanson* (2000) 23 Cal.4th 355, 357 (*Hanson*).)  It also concluded that statutorily mandated restitution fines "constitute

---

[7] "Although defendant arguably has forfeited the claim of error because he did not object to the sentence below, we will reach the issue because he also contends his attorney was ineffective."  (*People v. Daniels* (2012) 208 Cal.App.4th 29, 31 (*Daniels*).)

4

punishment and [found there was] no principled basis for excluding them from the rationale of *Henderson*." (*Ibid*.; see *Jones*, *supra*, 24 Cal.App.4th at p. 1785; see also *Daniels*, *supra*, 208 Cal.App.4th at pp. 31-32.)

As relevant here, "[a] restitution fine under section 1202.4 constitutes punishment. [Citation.] It is required in 'every case where a person is convicted of a crime' unless the court 'finds compelling and extraordinary reasons for not doing so and states those reasons on the record.' [Citation.] For felony convictions, the required fine is not less than $300 and not more than $10,000." (*People v. Kopp* (2025) 19 Cal.5th 1, 13, italics omitted; § 1202.4, subd. (b)(1).)

After defendant's first trial, the trial court imposed a restitution fine of $300 pursuant to section 1202.4, subdivision (b). Defendant appealed and was retried. After the second trial, the court imposed a restitution fine of $10,000 pursuant to section 1202.4, subdivision (b). Defendant appealed again, and on remand for resentencing, the court stated the restitution and order as to fines and fees would remain the same, and it did not modify the custody credits. Thus, the amended abstract of judgment reflected the same credits for time served as the previous abstract. Since, at the resentencing hearing, the court imposed a fine in excess of the fine imposed at the original sentencing hearing, defendant's right to be free from double jeopardy under the California Constitution was violated. (*Hanson*, *supra*, 23 Cal.4th at pp. 358, 361-367; *Daniels*, *supra*, 208 Cal.App.4th at pp. 31-32.)

We conclude the restitution fine imposed pursuant to section 1202.4, subdivision (b), cannot exceed the $300 originally imposed. Therefore, we remand the matter and direct the trial court to reduce the restitution fine to $300, as originally assessed.[8] (See *People v. Thompson* (1998) 61 Cal.App.4th 1269, 1276 [court directed trial court to reduce increased section 1202.4 fine to amount originally assessed].)

II. *The Trial Court Erred in Failing to Recalculate Defendant's Custody Credits*

Defendant points out that the court failed to recalculate his custody credits at the time of resentencing. The People concede, and we agree.

On July 2, 2021, the court awarded defendant a total of 1,903 custody credits (1,179 local, 548 state prison, and 176 conduct). When the court resentenced him on December 10, 2024, it did not recalculate his custody credits. Thus, the amended abstract of judgment that issued from that hearing reflected the same credits for time served as the previous abstract. In other words, the court failed to recalculate the actual time defendant had served pursuant to the sentence for which he was being resentenced, although there had been a significant passage of time. Our Supreme Court has determined that when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment,

---

[8] In light of the People's concession and our conclusion, we need not address defendant's alternative argument that his counsel was ineffective for failing to challenge the amount of the restitution fine at resentencing.

to credit him with all *actual* days he had spent in custody"].)  Thus, the matter should be remanded for the custody credits to be recalculated.

## DISPOSITION

The judgment is affirmed with directions and remanded to the trial court to reduce the section 1202.4, subdivision (b), restitution fine from $10,000 to $300, and to recalculate the proper amount of custody credits as of the date of the resentencing hearing.  The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and reflecting the date of the resentencing hearing, as well as the $300 restitution fine, and to forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.