Filed 10/2/13  P. v. Machado CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DELFINO CARDENAS MACHADO,<br><br>  Defendant and Appellant. | B244708<br><br>(Los Angeles County<br>Super. Ct. No. BA123888) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Modified and, as modified, affirmed with directions.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

Delfino Cardenas Machado appeals[1] from the judgment entered following his convictions by jury on count 1 – forcible rape (Pen. Code, § 261, subd. (a)(2))[2] with a finding he committed the offense against multiple victims (former § 667.61, subd. (e)(5)), and three counts of forcible lewd act upon a child (former § 288, subd. (b)(1); counts 2 through 4) with findings as to each of the three counts appellant committed kidnapping (former § 667.61, subd. (e)(1)), personally used a deadly weapon (former §§ 667.61, subd. (e)(4), 12022.3, subd. (a)), and committed the offense against multiple victims (former § 667.61, subd. (e)(5)), and with court findings appellant suffered two prior felony convictions (§ 667, subd. (d)) and two prior serious felony convictions (§ 667, subd. (a)).  The court resentenced appellant to prison for 210 years to life.  We modify the judgment and, as modified, affirm it with directions.

## FACTUAL SUMMARY

The facts of appellant's offenses are more fully set forth in *Machado II*.[3]  Suffice it to say that, viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence presented at appellant's July 2008 retrial established that on October 12, 1995, 20-year-old Maria M. (Maria) was at the Union Station in Los Angeles.  Appellant, with a child, approached and offered to help Maria find a bus.

---

[1]  This is appellant's fourth appeal.  In his first, we affirmed the judgment (*People v. Machado* (May 23, 2000, B130741) [nonpub. opn.] (*Machado I*)) resulting from his 1999 trial, but a federal court later granted appellant habeas corpus relief and remanded the matter for retrial.  Following his convictions at his 2008 retrial, appellant appealed and we affirmed the judgment, vacated his December 18, 2008 sentence of 310 years to life, and remanded for resentencing (*People v. Machado* (Aug. 11, 2010, B213262) [nonpub. opn.] (*Machado II*)).  Following resentencing on January 27, 2011, appellant appealed and we affirmed the judgment, vacated his resentence of 210 years to life, and remanded for resentencing.  (*People v. Machado* (Aug. 22, 2012, B231653) [nonpub. opn.] (*Machado III*)).  Appellant's fourth appeal follows his October 12, 2012 resentence.

[2]  Statutory references are to the Penal Code.

[3]  On February 13, 2013, at appellant's request, we took judicial notice of the record on appeal in appellate case No. B130741.  On May 9, 2013, at appellant's request, we took judicial notice of the records on appeal in appellate case Nos. B213262 and B231653, and of the opinions in the above three cases.

2

Maria walked with appellant to his apartment, he dropped off the child, and Maria and appellant left. The two walked towards an embankment near a freeway. Appellant threw Maria down, held her in bushes, and forcibly raped her (count 1).

During the morning of February 28, 1997, 12-year-old Alma S. (Alma) was at a bus stop waiting for a bus to take her to school. Appellant approached with a child and asked Alma a question. Later that day, Alma returned to the bus stop en route home. Appellant was there, seemed to have been waiting for her, and still had the child. Appellant asked Alma for help and they walked to an apartment building. The three entered and went to an apartment.

Appellant, using a key, opened the apartment's door and pushed Alma inside. He threatened Alma with a knife and pushed her to the floor. Appellant subsequently removed Alma's shorts and underwear from one of her legs, covered her mouth, and spread her legs. He later orally copulated Alma (count 2), then touched her vagina with his hands (count 3). Appellant exposed his penis and Alma, trying to delay him, asked him to use protection. Appellant put on a condom while Alma was trying to persuade him to stop his attack. He unsuccessfully attempted to penetrate Alma's vagina with his penis (count 4).[4]

## ISSUES

Appellant claims (1) the trial court deprived him of his right to counsel at the October 12, 2012 resentencing hearing and (2) the section 1202.4, subdivision (b) restitution fine must be reduced.

---

[4] Appellant represented himself at his 2008 retrial. During jury argument at that retrial, the prosecutor argued count 2 was based on appellant's oral copulation of Alma, count 3 was "[appellant] spread her vaginal area with his finger. He grabbed between her legs, touching," and count 4 was appellant's attempted penile penetration of Alma.

## DISCUSSION

1. *The Trial Court Did Not Deprive Appellant of His Right to Counsel.*

      a. *Pertinent Facts.*

We decided *Machado III*, our most recent decision in this case, on August 22, 2012. On September 21, 2012, the trial court ordered appellant removed from prison. On October 5, 2012, the court called the case for further proceedings. Appellant, who was in the lockup, was represented by court-appointed counsel, i.e., Daniel A. Nardoni. After the court and counsel conferred in chambers, the court continued the matter to October 10, 2012.

On October 10, 2012, the court called the case. The minute order for that date reflects appellant was in the lockup. The reporter's transcript of that date reflects the court indicated neither appellant nor Nardoni was present but Nardoni had been present earlier and was aware of the proceedings. Another attorney was standing in for Nardoni. The parties jointly requested the matter trail to October 12, 2012. The prosecutor indicated Nardoni was making the request to accommodate his calendar. The prosecutor also indicated she had provided to the court and Nardoni a supplemental sentencing memorandum.

On October 10, 2012, the prosecutor filed a 17-page sentencing memorandum. The memorandum indicated the trial court had tried the case and was familiar with its facts. The memorandum also stated, "The People have attached portions of the trial transcript relevant to the operation of PC sections 667.6(c) and (d) hereto as Exhibit A."

Attached to the memorandum was exhibit A, consisting of 30 pages of the transcript of Alma S.'s 2008 retrial testimony as to the facts pertaining to counts 2 through 4. In the memorandum, the People argued the trial court should impose the sentence on count 3 consecutively to the sentence on count 2, and impose the sentence on count 4 consecutively to the sentence on count 3, as mandated under former section 667.6, subdivision (d) or, if not mandated by that subdivision, as an exercise of the trial court's discretion under former section 667.6, subdivision (c). Appellant filed no

4

sentencing memorandum. On October 12, 2012, the court called the case. Appellant, in the lockup, was represented by Nardoni. The court continued the case.

On October 19, 2012, the court called the case for resentencing. Appellant and Nardoni were present. Nardoni stated there was a "defense motion to continue" and the court asked for the basis for the motion. Nardoni replied, "[Appellant] wants to have more time to address or more time to provide information to the court that the sentence that is about to be imposed or will be imposed is likely an illegal sentence based on the definite sentence aspect. [¶] Specifically, Mr. Machado indicated to me that he believes initially the information contained in the charges failed to allege 667.6(c) of the Penal Code or subsection (d) of the same section as well as 1170.1(a). This is information that Mr. Machado has provided." (*Sic.*) Nardoni added, "Personally I don't see where that goes, but I will submit it."

The court ruled the basis for the continuance motion was invalid because there was no requirement the information allege the theory upon which the court might sentence appellant, or the theory upon which the People proposed that the court sentence appellant.[5] Nardoni stated he realized the sentence the court was about to impose was very complex. The court later commented, "given our discussions about this case to date off the record," the court did not know if either party wished to be heard. The prosecutor submitted the matter based on her sentencing memorandum, and Nardoni submitted the matter and purported to reserve all rights concerning appellant's sentence.

The court later stated, ". . . I do not have the legal file, but a collection of various minute orders and other documentation which unfortunately isn't very helpful to me. [¶] However, I do remember this case distinctly and we have been discussing it and I do have my own file as to this matter. I have reviewed that file which would include my notes taken from or during the testimony of witnesses on the case and I have been afforded or

---

[5]     There is no dispute as to the validity of this ruling and no dispute the information did not have to allege the sentencing provisions of former section 667.6, subdivision (c) or (d), or section 1170.1, subdivision (a).

5

provided a copy of the relevant portions of the transcript in this matter as would concern sentencing, so I am prepared to proceed."

The court asked if there were any reason sentence should not be pronounced. Nardoni replied no. However, appellant purported to object personally. Appellant personally argued that because *Machado III* had indicated the trial court would have sentencing discretion following remand, appellant needed to discuss his sentence with Nardoni so Nardoni could become familiar with appellant's case. Appellant stated he had not had an opportunity to talk with Nardoni and there was a "mistake on status" that appellant wished to discuss with him.

The court indicated that every time the court previously had been prepared to pronounce sentence, appellant had a last-minute continuance request, and it was clear appellant had employed, and would employ, any dilatory tactic to avoid imposition of sentence. The court stated, "You have spoken to your attorney. You are familiar with the issues here. There has been a good deal of time that has passed since the matter was first referred back to this court, and the reason for that is not only logistically getting you here and being prepared from the court's standpoint to proceed on this matter, but also to afford you the additional opportunity to consider various issues and give you a chance to talk to your attorney. [¶] So you made good use of all of that and I am prepared to proceed on this case without further delay." Nardoni asked for leniency in the court's exercise of its sentencing discretion.

The court, on October 19, 2012, resentenced appellant to prison for 210 years to life, consisting of (1) 45 years to life as to count 1 (15 years to life for the offense pursuant to the One Strike law, tripled pursuant to the Three Strikes law), (2) as to count 2, a consecutive term of 75 years to life (consisting of 25 years to life for the offense pursuant to the One Strike law, tripled pursuant to the Three Strikes law) plus an upper term of 10 years for a section 12022.3, subdivision (a) enhancement, (3) as to each of counts 3 and 4, a consecutive term of 25 years to life for the offense pursuant to the Three

6

Strikes law, plus an upper term of 10 years for a section 12022.3, subdivision (a) enhancement, plus (4) two five-year section 667, subdivision (a) enhancements.[6]

In *Machado III*, we concluded "the trial court erred by concluding *Machado II* itself, and section 1170.12, subdivision (a)(6) [of the Three Strikes law], each *mandated* sentences on counts 3 and 4 that were consecutive to each other and to count 2, and erred by failing to decide whether, in the exercise of the court's discretion, to impose such sentences pursuant to former section 667.6, subdivision (c) or former section 1170.1, subdivision (a) (assuming former section 667.6, subdivision (d) did not mandate consecutive sentences)." (*Machado III*, *supra*, at pp. 10-11, italics added.) We stated, "We will remand the matter for resentencing, in part so the trial court can determine whether former section 667.6, subdivision (d), applies to this case and, if not, whether former section 667.6, subdivision (c), or former section 1170.1, subdivision (a), is applicable." (*Machado III*, at p. 11.) We affirmed the judgment, but vacated appellant's resentence and remanded for resentencing consistent with that opinion. (*Id.* at p. 13.)

Following remand, the trial court, on October 19, 2012, resentenced appellant. The total prison term, as well as the component prison terms, were the same as those previously vacated in *Machado III*. What differed was that, on October 19, 2012, the trial court (1) as to count 3, imposed a sentence that was consecutive to the sentence on count 2, not because a consecutive sentence was mandatory, but in the exercise of the court's discretion under former section 667.6, subdivision (c)[7] and (2) as to count 4, imposed a sentence that was consecutive to the sentence on count 3 because, according to

---

[6]     The trial court imposed the two five-year section 667, subdivision (a) enhancements after appellant personally addressed the court as discussed *infra*.

[7]     As to count 3, the trial court stated "the court is hesitant to use 667.6(d) as a basis upon which to impose a consecutive sentence because I cannot say with certainty what occurred before the particular act in question. However, pursuant to 667.6(c), the court is authorized to impose a full sentence and consecutive sentence provided various circumstances in aggravation might very well have been found to apply to this matter." The court then listed numerous aggravating factors and expressly indicated it was imposing sentence on that count pursuant to former section 667.6, subdivision (c).

7

the trial court, that sentence was mandated by former section 667.6, subdivision (d) and, even if it were not, the court was imposing that consecutive sentence as an exercise of the court's discretion under former section 667.6, subdivision (c). The court articulated numerous aggravating factors upon which it relied in the exercise of its discretion to impose consecutive sentences as to counts 3 and 4.[8]

On October 19, 2012, after the court resentenced appellant, appellant personally addressed the court and indicated as follows. The trial court denied appellant an attorney who was familiar with appellant's sentence. Nardoni was not familiar with appellant's sentence and was providing ineffective assistance.[9]

---

[8] Apart from appellant's right to counsel claim, there is no dispute as to the validity of the above sentencing scheme or the resulting total prison sentence.

[9] Appellant indicated Nardoni was providing ineffective assistance for two reasons. First, according to appellant, this court ordered the trial court to "vacate" counts 3 and 4 on ex post facto grounds. Appellant was in error. In *Machado II*, we stated, "*Appellant claims* the trial court violated *ex post facto* principles by applying section 667.61, subdivision (i), as amended in 2006, when resentencing appellant on the 1997 offenses at issue in counts 3 and 4. *We conclude* the trial court erroneously applied the amended subdivision *retroactively*." (*Machado II*, *supra*, at p. 12, italics added.) Because of that conclusion as to counts 3 and 4, and notwithstanding appellant's suggestion to the contrary on October 19, 2012, we did not decide in *Machado II* whether the trial court violated *ex post facto* principles as to those counts, since ex post facto principles are inapplicable if a statute is not retroactive. Moreover, notwithstanding appellant's suggestion to the contrary on October 19, 2012, we concluded in *Machado II* that the trial court erred by *resentencing* appellant on counts 3 and 4. We did not conclude the trial court had to "vacate" those counts. Appellant does not claim on appeal that this court ordered the trial court to vacate those counts or that those counts must be vacated. Second, according to appellant, when the trial court resentenced appellant on October 19, 2012, the trial court had erroneously stated there were no mitigating factors when in fact a mitigating factor existed, i.e., when appellant was arrested, he was not on probation or parole. The court suggested it believed that when appellant was arrested he was in fact on parole or probation, but to the extent that was not the case the court was striking that as an aggravating factor. In sum, neither of the above two reasons proffered to the trial court by appellant is at issue in this appeal.

The court later stated, ". . . you impugn Mr. Nardoni which is laughable. This is a very experienced attorney who has handled many matters before this court and countless other courts who is intimately aware with the sentencing scheme that is involved here and has represented you. [¶] You have no idea of the work that has been done on your behalf, or probably you do, but that is a nice tactic for you to employ at this instance. It is inappropriate and completely unwarranted."

b. *Analysis*.

Appellant claims the trial court deprived him of his right to counsel at the October 19, 2012 resentencing hearing.[10] He argues "there was no meaningful opportunity for appellant's attorney to prepare relative to the issues actually at hand—absent counsel's ability to review the actual transcripts of the 1999 trial, appellant's ability to simply speak with counsel before resentencing was inadequate opportunity for counsel to be able to argue the acts charged in counts 3 and 4 were committed without the opportunity to reflect that would justify the greater sentence." (*Sic*.)

"Not every restriction on counsel's time or opportunity . . . to prepare for trial violates a defendant's Sixth Amendment right to counsel." (*Morris v. Slappy* (1983) 461 U.S. 1, 11 [75 L.Ed.2d 610].) " '[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.' " (*People v. Alexander* (2010) 49 Cal.4th 846, 934.) Appellant bears the burden of establishing that denial of a continuance request was an abuse of discretion. (*People v. Beeler* (1995) 9 Cal.4th 953, 1003.) Only a showing of an abuse of discretion and prejudice to the defense suffices to reverse a judgment on the basis of a denial of a motion for a continuance. (*People v. Samayoa* (1997) 15 Cal.4th 795, 840.) We reject appellant's claim for the reasons discussed below.

---

**10** We assume appellant's right to counsel issue is preserved for appellate review notwithstanding the fact appellant did not raise it below.

9

First, notwithstanding appellant's argument to the contrary, the pertinent trial for purposes of this appeal is not appellant's 1999 trial but his 2008 retrial. (See fn. 1, *ante*.) Second, the burden is on appellant to demonstrate error; it will not be presumed. (*In re Kathy P*. (1979) 25 Cal.3d 91, 102; *People v. Garcia* (1987) 195 Cal.App.3d 191, 198.) Appellant has failed to demonstrate Nardoni did not have an opportunity to review, and did not review, the transcripts of the 2008 retrial.

Third, the People's sentencing memorandum, filed with the trial court on October 10, 2012, contained 30 pages of the transcript of Alma's 2008 retrial testimony as to the facts pertaining to counts 2 through 4. The memorandum stated, "The People have attached portions of the trial transcript relevant to the operation of PC sections 667.6(c) and (d) hereto as Exhibit A." On October 10, 2012, the prosecutor indicated she had provided to the court and Nardoni a supplemental sentencing memorandum. Appellant does not claim Nardoni was not served with a copy of the memorandum containing said transcripts. On October 12, 2012, the trial court, before resentencing appellant, stated it had been provided "a copy of the relevant portions of the transcript in this matter as would concern sentencing." Appellant never suggested the transcripts in exhibit A were not relevant portions of the transcript, or that a review of the transcripts in exhibit A would not give Nardoni a meaningful opportunity to present sentencing argument pertaining to counts 3 and 4. Appellant has failed to demonstrate Nardoni did not have an opportunity to review the pertinent trial transcripts.

Fourth, appellant is arguing that, because Nardoni had no opportunity to review the pertinent trial transcripts, Nardoni had no meaningful opportunity to prepare to argue at the October 19, 2012 resentencing hearing that "the acts charged in counts 3 and 4 were committed without the *opportunity to reflect* that would justify the greater sentence." (Italics added.) That is, appellant is arguing Nardoni had no opportunity to prepare to argue that the mandatory consecutive sentencing provisions of former section 667.6, subdivision (d) did not apply to those counts. That subdivision applied only if crimes were committed on "separate occasions," and former subdivision (d) required a

10

trial court, when determining whether crimes were so committed, to consider whether the defendant had a "reasonable *opportunity to reflect* upon his . . . actions and nevertheless resumed sexually assaultive behavior." (Former § 667.6, subd. (d), italics added.)

However, as previously indicated, the trial court on October 12, 2012, did not rely on former section 667.6, subdivision (d) to impose a sentence on count 3 that was consecutive to count 2. Moreover, although the trial court did rely on former subdivision (d) to impose a sentence on count 4 that was consecutive to count 3, the court alternatively relied on former section 667.6, subdivision (c) to impose that consecutive sentence. There is no dispute as to the validity of the trial court's imposition of consecutive sentences on counts 3 and 4 pursuant to former subdivision (c).

Fifth, neither appellant nor Nardoni suggested on October 12, 2012, that a continuance was needed so Nardoni could review trial transcripts or prepare to argue "the acts charged in counts 3 and 4 were committed without the opportunity to reflect." Sixth, although Nardoni made a defense motion to continue for other reasons not at issue here, he made it clear he was merely conveying appellant's position and "[p]ersonally I don't see where that goes." Nardoni denied there was any reason judgment should not be pronounced.

Finally, the trial court concluded appellant's arguments were dilatory tactics and Nardoni was a very experienced attorney who was intimately aware of the sentencing scheme at issue. The trial court's comments indicated there had been ongoing discussions with counsel concerning appellant's sentence. Appellant cites nothing from the record that demonstrates providing Nardoni additional time to prepare, or granting a continuance motion, would have had any effect on appellant's October 12, 2012 prison sentence. The trial court did not abuse its discretion by denying any continuance motion, and no violation of appellant's right to counsel or right to effective assistance of counsel occurred.

11

2. *The Penal Code Section 1202.4, Subdivision (b) Restitution Fine Must Be Reduced.*

Following appellant's first trial in 1999, the trial court, on March 11, 1999, originally imposed a $200 section 1202.4, subdivision (b) restitution fine. We subsequently decided *Machado III* in 2012 and remanded for resentencing. Following remand, the trial court, on October 12, 2012, imposed a $10,000 section 1202.4, subdivision (b) fine. The trial court indicated that, according to the documentation the trial court possessed, $10,000 was the fine originally imposed. (As mentioned, the court earlier stated it did not have the legal file.) Respondent concedes the fine should be $200. We accept the concession (cf. *People v. Hanson* (2000) 23 Cal.4th 355, 357; *People v. Thompson* (1998) 61 Cal.App.4th 1269, 1276) and we will modify the judgment accordingly.

### *DISPOSITION*

The judgment is modified by reducing the Penal Code section 1202.4, subdivision (b) restitution fine imposed by the trial court on October 12, 2012, from $10,000 to $200, and, as modified the judgment is affirmed. The trial court is directed to forward to the Department of Corrections an amended abstract of judgment reflecting the above modification.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

KLEIN, P. J.                                    CROSKEY, J.

12