Filed 3/28/23

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078235 |
| v. | (Super.Ct.No. FVI20003519) |
| RAHSAAN WAYNE BUTLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Shannon Faherty, Judge. Affirmed in part; sentence vacated and remanded with directions.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

1

In November 2021, a jury convicted Rahsaan Wayne Butler of one count of attempted voluntary manslaughter (Pen. Code, §§ 192, subd. (a), 664; count 1), among other offenses, and found true related allegations that he personally used a firearm (Pen. Code, § 12022.5, subd. (a)) and caused great bodily injury (Pen. Code, § 12022.7, subd. (a)). (Undesignated statutory references are to the Penal Code.) The trial court sentenced him to the upper term for the conviction and the firearm enhancement.

On appeal, Butler contends that he is entitled to resentencing because (1) the trial court erred by impermissibly relying on the same facts that formed the basis of the enhancements to sentence him to the upper term, and (2) he is entitled to the ameliorative benefits of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which became effective while his appeal was pending. Senate Bill 567 amended the Penal Code to prohibit a trial court from imposing the upper term for a conviction or an enhancement unless certain conditions are satisfied. The People concede that the legislation applies retroactively to Butler's nonfinal judgment but argue that remand is not necessary because sentencing Butler under the applicable law at the time was harmless. There currently is a split of authority concerning the applicable harmlessness standard. (See *People v. Flores* (2022) 75 Cal.App.5th 495, 500-501 (*Flores*); *People v. Lopez* (2022) 78 Cal.App.5th 459, 465-468 (*Lopez*); *People v. Dunn* (2022) 81 Cal.App.5th 394, 409-410 (*Dunn*), review granted Oct. 12, 2022, S275655.) We adopt the approach set forth in *Lopez* and remand for resentencing.

BACKGROUND

One night in November 2020, Butler got into a fight in a motel parking lot with his friend Robert H. Robert swung at Butler first. Video recordings of the incident were played for the jury. Butler told law enforcement that Robert hit him in the head with brass knuckles.

Butler took an object resembling a firearm out of his waistband or front pocket and turned away from Robert. Butler then turned around and apparently tried to shoot Robert, but the gun did not fire. Robert tackled Butler, and the two men wrestled on the ground. Robert got up, and Butler shot him in the chest.

A bystander drove Robert to the hospital. Robert was then transported via helicopter to another hospital that specialized in traumatic injuries. Robert was in critical but stable condition and underwent surgery. Robert later told law enforcement that he could not remember what happened that night.

Butler left the scene before law enforcement arrived, because he was afraid of going back to jail. At trial, the parties stipulated that Butler had been convicted of the following four felonies: (1) in 2005, a violation of section 476; (2) in 2011, a violation of section 290.011, subdivision (b); and (3) in 2014 and 2019, violations of section 69. The jury was not told what the offenses were.

Butler gave the firearm he had that night to a gunsmith, who melted it down. Butler called a detective sometime after the incident. Butler told the detective he acted in self-defense, which he reiterated in a later interview. Butler admitted that he had a .22-caliber firearm on him that night.

3

There were several inconsistencies between Butler's description of the events and the recording of the incident, and a law enforcement officer explained those inconsistencies to the jury. Law enforcement did not find brass knuckles at the motel, in Robert's van, or at the initial hospital to which he was taken.

The jury convicted Butler of one count of attempted voluntary manslaughter (§§ 192, subd. (a), 664; count 1), one count of assault with a firearm (§ 245, subd. (a)(2); count 2), and one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 3). For the manslaughter and assault convictions, the jury found true allegations that Butler personally used a firearm (§ 12022.5, subd. (a)) and as to the manslaughter conviction also found true the allegation that Butler inflicted great bodily injury (§ 12022.7, subd. (a)).

Considering the aggravating factors set forth in rule 4.421 of the California Rules of Court for sentencing, the probation officer found the following aggravating circumstances to exist: (1) "The crime involved great violence and great bodily harm and other acts disclosing a high degree of cruelty, viciousness and callousness," (2) Butler had "engaged in violent conduct that indicate[d] a serious danger to society," (3) Butler's "prior convictions as an adult and sustained petitions in juvenile delinquency proceedings [were] numerous and of increasing seriousness," (4) Butler had "served prior prison terms," and (5) Butler's "prior performance on probation and parole was unsatisfactory." (Undesignated rule references are to the California Rules of Court.) The only mitigating factor the probation officer found was that the victim had been the aggressor.

4

At the sentencing hearing in December 2021, the trial judge indicated that he had read and considered both the probation officer's report and a sentencing brief filed by the prosecutor. The court offered the prosecutor and defense counsel an opportunity to present argument concerning sentencing. Defense counsel argued that contrary to the probation officer's account, Butler demonstrated remorse for shooting Robert when he cried during his postarrest interview with law enforcement. Counsel argued that Butler should be sentenced to the low term for the attempted voluntary manslaughter conviction, and counsel otherwise submitted. The prosecutor submitted on the sentencing brief.

The court sentenced Butler to the upper term of five years and six months for the attempted voluntary manslaughter conviction (§§ 193, subd. (a), 664, subd. (a)), the upper term of 10 years for the related firearm enhancement (§ 12022.5, subd. (a)), and three years for the related great bodily injury enhancement for that offense (§ 12022.7, subd. (a)), all to run consecutively. For the assault conviction, the court stayed the sentences imposed for that conviction and the related enhancements under section 654. For the firearm possession conviction, the court sentenced Butler to eight months (one-third the midterm) to run consecutively. Butler was thus sentenced to a total term of 19 years and two months.

The court provided the following reasoning for imposing the sentence: As to "circumstances in aggravation pursuant to [rule] 4.421 that are outlined in the probation report, specifically the violence and great bodily harm, the defendant's acts of having— I'm sorry, engaging in violent conduct, prior convictions of an increasing seriousness, prior prison terms, and four prior performances on probation or parole, I do adopt these.

5

[¶] I will also adopt the one factor in mitigation that the victim may have been the aggressor in this case."

## DISCUSSION

Butler argues that we should remand for resentencing because he is entitled to the ameliorative benefits of Senate Bill 567, which took effect while his appeal was pending and affects the circumstances under which a trial court can impose the upper term for a conviction or an enhancement. We agree.

Attempted voluntary manslaughter is punishable by one and one-half years, three years, or five years and six months in state prison. (§§ 193, subd. (a), 664, subd. (a).) A "person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." (§ 12022.5, subd. (a).)

Before Senate Bill 567 amended sections 1170 and 1170.1 effective January 1, 2022, if a statute prescribed a sentencing triad for a conviction or an enhancement, the court had discretion to choose any one of the three terms. (Stats. 2021, ch. 731; Former § 1170, subd. (b) [applied to offenses]; Former § 1170.1, subd. (d) [applied to enhancements].) Section 1170 now provides that the upper term shall be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term" (*id.*, subd. (b)(2)) and the circumstances are (1) stipulated to by the defendant, (2) found true by the trier of fact beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified

6

record of conviction (*id.*, subd. (b)(2)-(3)). Section 1170.1 likewise now provides that the court may impose the upper term for an enhancement "only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(2).) The People concede that Senate Bill 567 applies retroactively to this appeal because Butler's judgment of conviction is not final, and we agree. (See, e.g., *Flores*, *supra*, 75 Cal.App.5th at p. 500; *People v. Garcia* (2022) 76 Cal.App.5th 887, 902.)

When sentencing Butler, the trial court cited as aggravating circumstances that Butler's prior convictions were of increasing seriousness (rule 4.421(b)(2)), that he had served four prior prison terms (rule 4.421(b)(3)), and that he had four prior performances on parole or probation that were unsatisfactory (rule 4.421(b)(5)). In addition, the court noted that Butler had engaged in violent conduct indicating that he was "a serious danger to society" (rule 4.421(b)(1)) and inflicted great bodily harm (rule 4.421(a)(1)). None of those aggravating circumstances was proved to a jury beyond a reasonable doubt, admitted by Butler, or based on prior convictions proved by certified records of convictions. The parties agree and we concur that Butler's sentence to the upper term on count 1 and the related firearm enhancement does not satisfy the new requirements of section 1170, subdivision (b), and section 1170.1, subdivision (d)(2).

Butler and the People do not agree, however, about whether remand for resentencing is required. There currently is a split of authority concerning the applicable

7

harmlessness standard when a defendant was sentenced to an upper term before Senate Bill 567 became effective based on aggravating circumstances that were not found true by the trier of fact beyond a reasonable doubt, stipulated to by the defendant, or based on prior convictions evidenced by a certified record of conviction. (See *Flores*, *supra*, 75 Cal.App.5th at p. 500 [error is harmless if a reviewing court concludes beyond a reasonable doubt that a jury "would have found true [beyond a reasonable doubt] at least a single aggravating circumstance"]; *Lopez*, *supra*, 78 Cal.App.5th at pp. 465-468 [applying a two-step approach with a beyond a reasonable doubt standard at the first step and state law harmlessness at the second step]; *Dunn*, *supra*, 81 Cal.App.5th at pp. 409-410 [applying a two-step approach with state law harmlessness incorporated into both steps].) The same court that articulated the standard in *Flores* has reconsidered the issue and found the rationale in *Lopez* "for adding a state law harmless error component both logical and compelling." (*People v. Ross* (2022) 86 Cal.App.5th 1346, 1354.) We too agree with the approach set forth in *Lopez*.

*Lopez* adopted the following two-step method for determining harmlessness when a defendant was sentenced to an upper term before Senate Bill 567 became effective: "[T]he initial relevant question for purposes of determining whether prejudice resulted from failure to apply the new version of the sentencing law is whether the reviewing court can conclude beyond reasonable doubt that a jury would have found true beyond a reasonable doubt *all* of the aggravating factors on which the trial court relied in exercising its discretion to select the upper term. If the answer to this question is 'yes,' then the defendant has not suffered prejudice from the court's reliance on factors not

8

found true by a jury in selecting the upper term." (*Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.) If, however, the answer to the question is "no," then we apply the harmlessness standard in *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*), to the trial court's reliance on impermissible factors. (*Lopez*, at pp. 467 & fn. 11, 468.) That is, we ask whether it is reasonably probable that the trial court would have imposed a shorter sentence if the trial court had relied only on factors that we are convinced beyond a reasonable doubt would have been found by a jury beyond a reasonable doubt. (*Ibid.*; *Watson*, *supra*, 46 Cal.2d at p. 836.) If the answer to that question is "yes," then we remand the matter to the trial court for resentencing. (*Lopez*, at p. 467, fn. 11.) (If there are no factors that we are convinced beyond a reasonable doubt would have been found by a jury beyond a reasonable doubt, then the error is prejudicial and requires remand for resentencing. (*People v. Sandoval* (2007) 41 Cal.4th 825, 838-839 (*Sandoval*).)[1]

We agree with *Lopez*'s approach and thus adopt *Lopez*'s two-step method for determining the harmlessness of the trial court's reliance on aggravating factors that were

---

[1] In *People v. Lewis* (March 2, 2023, E076449) __ Cal.App.5th __ [2023 Cal.App. Lexis 150], remand was necessary because the court was not persuaded beyond a reasonable doubt that a jury would have found at least one of the aggravating factors relied on by the trial court true beyond a reasonable doubt. (*Id.* at pp. *20, *23-*24.) *Lewis* also contains a discussion of the second step of the analysis (*id.* at p. *24), but that discussion is not necessary to the decision and is therefore dicta (*Hubbard v. Superior Court* (1997) 66 Cal.App.4th 1163, 1168).

not proved to a jury beyond a reasonable doubt, admitted by the defendant, or based on prior convictions proved by certified records of conviction.**²**

Applying that analytical framework, we are persuaded beyond a reasonable doubt that the trial court relied on at least one aggravating factor that would still be permissible: Butler's four prior prison terms could have been proven by certified records of conviction. However, we cannot conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt all of the remaining aggravating factors on which the trial court relied in exercising its discretion to select the upper terms. (*Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.)

In particular, it is not clear whether a jury would have found beyond a reasonable doubt that Butler's four admitted prior convictions were of "increasing seriousness." (Rule 4.421(b)(2).) Butler stipulated that he had been convicted of the following four felonies, in chronological order: forgery (§ 476), being a transient who failed to register as a sex offender (§ 290.011, subd. (b)), and two convictions for resisting an officer

---

**2**    In contrast to *Lopez*, *supra*, 78 Cal.App.5th 459, *Dunn* holds that as long as we are convinced beyond a reasonable doubt that one aggravating factor would have been found by a jury beyond a reasonable doubt, we evaluate any remaining factors under *Watson*— that is, we ask whether it is reasonably probable that a jury would not have found the remaining factors beyond a reasonable doubt. (*Dunn*, *supra*, 81 Cal.App.5th at p. 409.) We agree with *Lopez* on that point and disagree with *Dunn*. Appellate review of all of the aggravating factors should be under the beyond-a-reasonable-doubt standard of *Chapman v. California* (1967) 386 U.S. 18, 24, rather than the reasonable-probability standard of *Watson*, because the federal right to a jury trial "has always been dependent on how a State defines the offense that is charged in any given case." (*Patterson v. New York* (1977) 432 U.S. 197, 211, fn.12; see *People v. Rivera* (2019) 7 Cal.5th 306, 333 [federal constitutional right to jury determination on each element charged].) Even though it is state law that now requires jury findings on aggravating factors, the failure to submit those factors to a jury is not merely state law error.

10

(§ 69).  When Butler committed the forgery offense, it was "punishable by imprisonment in the county jail for not more than one year, or in the state prison."  (Former § 476a, subd. (a).)  Failure to register as a transient is punishable by imprisonment in state prison for 16 months, two years, or three years.  (§§ 290.011, subd. (b), 290.018, subd. (b).)  Because Butler is required to register as a sex offender, the resisting offenses are also punishable by imprisonment in state prison for 16 months, two years, or three years.  (§§ 69, subd. (a), 1170, subd. (h)(1), (3).)  The last three convictions were subject to the same possible punishment, and the last two offenses were identical.  Absent any information about the resisting offenses other than the statutes that were violated, it is not possible to ascertain whether one was more serious than the other.  None of the offenses is so strikingly more serious than any other by the nature of the offense or the punishment that we can conclude beyond a reasonable doubt that a jury would conclude beyond a reasonable doubt that the convictions were of increasing seriousness.  (Cf. *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098; *People v. Kellett* (1982) 134 Cal.App.3d 949, 962.)

There may be additional aggravating factors that we could not conclude beyond a reasonable doubt would be found by a jury beyond a reasonable doubt.  For example, the trial court found that Butler was a "serious danger to society."  But it is not clear beyond a reasonable doubt that a jury would make the same finding after hearing evidence and argument, especially given the trial court's acknowledgement that the victim may have been the aggressor.  (See *Sandoval*, *supra*, 41 Cal.4th at pp. 839-843 [noting that the factual record may not be the same if the aggravating circumstances were tried to a jury,

11

and that for those factors with a "somewhat vague or subjective standard, it may be difficult for a reviewing court" to conclude a jury would reach the same conclusion as the trial court].)

Because not all aggravating factors survive the first step of the harmlessness analysis, we next ask whether it is reasonably probable that the trial court would have imposed a shorter sentence if it had relied only on permissible factors. (*Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.) We conclude that it is.

We assume for the sake of argument that all of the aggravating factors other than increasing seriousness of the four priors would have been found true by a jury beyond a reasonable doubt. The trial court adopted the aggravating factors from the probation officer's report but did not indicate whether it considered any particular factor to have greater weight than any other. The court also did not indicate that it would sentence Butler to the upper term based on a single aggravating factor alone. Nor did the court state that it found the nature of the crime to be especially heinous or reprehensible. On the contrary, the court found in mitigation that the victim may have been the aggressor. The trial court also did not state that Butler's criminal history was so troubling as to warrant imposition of upper-term sentences.

On this record, we cannot conclude that there is no reasonable probability that the trial court would have imposed a more lenient sentence had it been left with only the aggravating circumstances that we assume a jury would have found true beyond a reasonable doubt. We consequently conclude that remand for resentencing is necessary.

Because we are vacating Butler's sentences on count 1 and the related firearm enhancement, Butler is entitled to a full resentencing. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1096.) Under the full resentencing rule, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.) The sentence imposed on resentencing may not exceed the original aggregate sentence. (*People v. Jones* (1994) 24 Cal.App.4th 1780, 1783-1784; *People v. Hanson* (2000) 23 Cal.4th 355, 357-358.) Because we are vacating Butler's sentence, we do not address Butler's other claimed error about sentencing.

## DISPOSITION

We vacate Butler's sentence and remand for resentencing. In all other respects, the judgment is affirmed.

CERTIFIED FOR PUBLICATION

MENETREZ

J.

We concur:

FIELDS

      Acting P. J.

RAPHAEL

      J.